**Supreme Court**

No. 2011-348-Appeal.
(NC 08-677)

Gregory H. Andrews et al.          :

        v.                         :

Beverly Plouff.                    :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Gregory H. Andrews et al.   :

v.      :

Beverly Plouff.    :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

# O P I N I O N

**Justice Robinson, for the Court.** A Superior Court jury found that the plaintiffs, Gregory H. and Christina G. Andrews, were entitled to the return of their deposit after a residential real estate transaction came to naught. On appeal, we must decide whether the trial court properly included prejudgment interest in the judgment for plaintiffs.

This case is before the Court pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After carefully considering the record, the memoranda submitted to this Court on behalf of the parties, and the oral arguments of counsel, we are of the opinion that cause has not been shown and that the appeal may be resolved without further briefing or argument. For the reasons set forth in this opinion, we vacate the award of prejudgment interest.

# I

## Facts and Travel

This case arose from a failed real estate transaction. In June of 2008, defendant Beverly Plouff's property on Shore Road in Tiverton was listed for sale. On June 29 of that year, plaintiffs Gregory and Christina Andrews, being interested in purchasing the property, signed a purchase and sales agreement and submitted it to defendant. The agreement stated that the purchase price was $490,000. As provided for in the agreement, plaintiffs deposited $49,000 with defendant's real estate agent to be held in escrow until the parties closed on the transaction.

On July 2, 2008, defendant signed the agreement. However, she also made certain handwritten alterations to the contract. For example, the original agreement signed by plaintiffs provided that defendant would "pay the cost of [a] new septic design and installation"; the handwritten changes, however, placed a cap of $30,000 on that obligation. Further, the original agreement provided that defendant would "pay for installation of [a] new water tank and systems"; again, defendant's handwritten changes placed a cap of $10,000 on that obligation and also imposed an obligation on plaintiffs to "make earnest attempt[s] to" connect to a well before defendant would be responsible for the installation of a new water tank and system.

On December 1, 2008, plaintiffs Gregory and Christina Andrews filed a complaint against defendant Beverly Plouff in Newport Superior Court. In their complaint, plaintiffs alleged that defendant's handwritten alterations were "material changes" which "constituted a counter-offer, not an acceptance of [plaintiffs'] offer to purchase" the property. The plaintiffs alleged that the parties then engaged in further negotiations, but could not reach an agreement. The plaintiffs' complaint stated that, "[s]ince there was never a valid contract between the parties

for the purchase and sale of the [property], the [plaintiffs] are entitled to the return of the $49,000 deposit."

On January 31, 2011, the jury returned a verdict in plaintiffs' favor. Pursuant to the verdict form, the jury found as follows:

> "Plaintiffs proved by a preponderance of the credible evidence that they did not enter into a binding, written contract with Defendant to buy the Defendant's property for $490,000 [on] Shore Road, Tiverton, Rhode Island, in July, 2008 and [are] entitled to the return of their deposit of $49,000.00."

That same day, the trial court entered a civil judgment on the verdict, which added 12 percent interest per annum to the $49,000 judgment. The amount of interest was $15,239.67,[1] which brought the total amount of the judgment to $64,239.67.

On February 9, 2011, defendant filed a motion to alter or amend the judgment under Rule 59(e) of the Superior Court Rules of Civil Procedure. She argued that plaintiffs were "entitled to [the] return of their deposit of $49,000 but with no interest thereon." The trial court held a hearing on the motion on May 13, 2011; the hearing justice denied defendant's motion from the bench. On May 20, 2011, the court entered a written order memorializing its decision. The defendant filed a timely notice of appeal.

## II

### Issue on Appeal

On appeal, defendant contends that the motion justice erred when he denied her motion to alter or amend the judgment under Rule 59(e). She argues that, under G.L. 1956 § 9-21-10, prejudgment interest applies only to awards for "pecuniary damages." She contends that the trial

---

[1] The amount of interest appears to have been calculated from June 29, 2008—the day that plaintiffs deposited the $49,000 with defendant.

court should not have included prejudgment interest because plaintiffs' award—viz., the return of their deposit—was a reimbursement rather than an award of pecuniary damages.

## III

## Standard of Review

Since the sole issue raised by defendant on appeal presents an issue of law, we review that issue de novo. Waterman v. Caprio, 983 A.2d 841, 844 (R.I. 2009).

## IV

## Analysis

It is our opinion that the return of plaintiffs' deposit does not fall within the category of "pecuniary damages" under § 9-21-10(a) and that, therefore, plaintiffs were not entitled to prejudgment interest.

Statutory prejudgment interest is governed by § 9-21-10(a). That statute provides, in pertinent part, as follows:

> "In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages interest at the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued, which shall be included in the judgment entered therein." (Emphasis added.)

The plaintiffs first argue that the award of prejudgment interest should be affirmed because § 9-21-10(a) provides for interest in two scenarios: (1) when "a verdict is rendered" and (2) when "a decision [is] made for pecuniary damages." In other words, they contend that the General Assembly's use of the disjunctive "or" means that the "pecuniary damages" requirement applies only to "decision[s] made," and not to "verdict[s] * * * rendered." They argue that, since their award came from a jury verdict, they are entitled to prejudgment interest regardless of whether the award constitutes "pecuniary damages."

- 4 -

We disagree with plaintiffs' statutory analysis. If we accepted plaintiffs' argument, we would have to conclude that the General Assembly intended prejudgment interest to apply to every jury "verdict"—yet, by contrast, only to those "decisions" by a trial justice which involve "pecuniary damages." We perceive no basis for concluding that the General Assembly created such an arbitrary (and indeed absurd) distinction. See, e.g., Ryan v. City of Providence, 11 A.3d 68, 71 (R.I. 2011) ("[S]tatutes should not be construed to achieve meaningless or absurd results." (internal quotation marks omitted)). It is our opinion that the "pecuniary damages" requirement of § 9-21-10(a) applies to both jury verdicts and trial justices' decisions.

We therefore must address whether or not the return of the deposit in this case represents "pecuniary damages" under § 9-21-10(a). We addressed this issue in Bogosian v. Bederman, 823 A.2d 1117 (R.I. 2003). In that case, the plaintiffs agreed to buy real estate from the defendants. Id. at 1118–19. The parties signed an agreement, but the sale never closed "due to the rapid deterioration of the relationship between the parties." Id. at 1119. The plaintiffs filed a claim for fraudulent misrepresentation against the defendants. Id. After a bench trial, plaintiffs were eventually awarded the return of their deposit plus statutory interest. Id. On appeal, we held as follows:

> "The return of a deposit is simply a reimbursement rather than an award of pecuniary damages, and thus the plaintiffs are not entitled to the addition of statutory interest." Id. at 1121 (citing Rhode Island Insurer's Insolvency Fund v. Leviton Manufacturing Co., 763 A.2d 590, 597–98 (R.I. 2000)).

We believe that Bogosian controls the case that is now before us. In their complaint, the plaintiffs' prayer for relief requested the trial court simply to "[o]rder defendant to return to them their deposit." Further, the jury's verdict form indicates that the jury found that the plaintiffs were "entitled to the return of their deposit." Bogosian clearly indicates that such relief is a reimbursement, not an award of "pecuniary damages" that would entitle the plaintiffs to statutory

- 5 -

interest under § 9-21-10(a).[2]  We therefore hold that the motion justice erred when he denied the defendant's Rule 59(e) motion to alter or amend the judgment to remove prejudgment interest from the award.

**V**

**Conclusion**

For the reasons set forth in this opinion, we vacate the award of prejudgment interest in this case.  The record may be remanded to the Superior Court.

---

[2]      We note that our holding does not preclude every plaintiff from recovering prejudgment interest whenever a deposit is at issue.  For example, if a plaintiff were awarded damages in a breach of contract case involving a deposit, then that plaintiff might well be entitled to statutory interest under G.L. 1956 § 9-21-10(a).  In the present case, however, (1) plaintiffs' complaint simply requested the return of their deposit and (2) the jury's verdict form stated only that plaintiffs were entitled to the return of their deposit.  The complaint did not include any allegations that plaintiffs were entitled to pecuniary damages, nor did the jury make any such findings.  Accordingly, plaintiffs are not entitled to recover prejudgment interest.  See In re Estate of Cantore, 814 A.2d 331, 335 (R.I. 2003) ("[A]n action for reimbursement * * * is not the equivalent of a civil action for pecuniary damages.").



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**     Gregory H. Andrews et al. v. Beverly Plouff.

**CASE NO:**     No. 2011-348-Appeal.
(NC 08-677)

**COURT:**     Supreme Court

**DATE OPINION FILED:**  May 29, 2013

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     Associate Justice William P. Robinson

**SOURCE OF APPEAL:**     Newport County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Stephen P. Nugent

**ATTORNEYS ON APPEAL:**

For Plaintiffs:  Turner C. Scott, Esq.

For Defendant:  Kenneth Kando, Esq.